IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DON/McC COOK/SOLO, | * | |
| ADC # 135485 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 5:15CV00366-JJV |
| JEFFREY STIEVE, Medical Director, | * | |
| Correct Care Solutions; *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Don/McC Cook/Solo ("Plaintiff") brought this action *pro se* and under 42 U.S.C. § 1983 (Doc. No. 2) on November 16, 2015. After review of his initial Complaint, I determined he would be allowed to proceed with his claims against Defendant Jeffrey Stieve for retaliatory discontinuation of Plaintiff's Gabapentin prescription. (Doc. No. 5 at 2.) On January 19, 2016, Plaintiff moved to amend his Complaint (Doc. No. 27) and he has done so (Doc. No. 33). He has added two new Defendants - Aric Simmons and Brett Butler. (*Id*.) After screening[1] his Amended Complaint, I conclude only Plaintiff's claims against Defendants Stieve should proceed. His claims against Defendants Simmons and Butler will be dismissed for the reasons stated below.

**II.    ANALYSIS**

In his Amended Complaint (Doc. No. 33) Plaintiff re-alleges Defendant Stieve discontinued his Gabapentin prescription after a March 2015 encounter in retaliation for grievances and professional complaints filed against him. (*Id*. at 9-10.) These claims will proceed. His claims

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

1

against the newly added Defendants will be dismissed.

    **A.    Defendant Simmons**

Plaintiff brings two claims against Defendant Simmons. First, he alleges Simmons examined him on August 3, 2015, for the purpose of renewing Gabapentin and one other medication. (*Id*. at 6.) Simmons declined to renew Gabapentin at this visit after determining it should only be prescribed to diabetic patients. (*Id*. at 7.) Plaintiff disagrees with this assessment and alleges the medication Simmons prescribed in lieu of Gabapentin has damaged his health. (*Id*. at 7-9.) Second, Plaintiff claims Simmons treated him again in November 2015. (*Id*. at 12.) He alleges Simmons prescribed him "Divalproex Sodium" at this visit and this medication is harmful when taken with his other prescriptions. (*Id*. at 12-13.)

Both of these claims will be dismissed as improperly joined. Allegations against multiple Defendants must arise from the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). The claims against Simmons bear no relation to the retaliation and inadequate medical care claims which he is pursuing against Defendant Stieve. The encounters Plaintiff had with Stieve and Simmons occurred months apart and Simmons's reasons for denying Gabapentin are allegedly different from Stieve's.[2] Plaintiff may file a separate action if he wishes to pursue either of these claims against Simmons.

    **B.    Defendant Butler**

Plaintiff alleges Defendant Butler examined him on August 25, 2015. (Doc. No. 33 at 9.) Butler then concluded that renewing Gabapentin was appropriate and gave Plaintiff a new prescription for it. (*Id*.) Plaintiff claims he never received the medication, however, because Stieve

---

[2]Plaintiff does claim that Simmons' misconduct is "encouraged" by Stieve, but he has not pled any facts in support of this assertion. (Doc. No. 33 at 13.)

cancelled the prescription. (*Id.*) Taking these allegations as true, no claim for deliberate indifference may succeed against Butler. He prescribed the medication which Plaintiff desired only to have it cancelled by his superior.[3] Plaintiff himself alleges no other physician can override Defendant Stieve's decisions. (*Id*. at 10.)[4]

    **C.    Preliminary Injunctive Relief**

Plaintiff's Amended Complaint requests a preliminary injunction directing Defendants to "stop their misconduct." (Doc. No. 33 at 21.) His previous request for a temporary restraining order reinstating his Gabapentin prescription (Doc. No. 6) was denied (Doc. Nos. 8, 13) and Plaintiff has not offered any new evidence which convinces me to reconsider that denial.

**III.    CONCLUSION**

    IT IS, THEREFORE, ORDERED THAT:

    1.    Plaintiff's claims against Defendants Aric Simmons and Brett Butler are DISMISSED without prejudice.

    2.    Plaintiff's request for preliminary injunctive relief is DENIED.

    3.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

    SO ORDERED this 18th day of February, 2016.

                                                          JOE J. VOLPE
                                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Dr. Stieve allegedly held the title of Regional Medical Director during the times relevant to this action. (Doc. No. 33 at 9.)

[4] Plaintiff claims subsequent responses to his medical grievances indicated Butler agreed with Stieve about not prescribing Gabapentin. (Doc. No. 33 at 12.) Grievance denials do not give rise to viable constitutional claims, however. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).