**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| DON/McC COOK/SOLO, | * | |
| ADC # 135485 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 5:15CV00366-JJV |
| JEFFREY STIEVE, Medical Director, | * | |
| Correct Care Solutions; *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Don/McC Cook/Solo ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983 (Doc. No. 2) on November 16, 2015. Plaintiff has since amended his Complaint (Doc. No. 33), but his allegations remain the same. He claims Defendant Stieve has retaliated against him for filing grievances and professional complaints by discontinuing his Gabapentin prescription. Now, Defendant Stieve has filed a Motion for Summary Judgment (Doc. No. 38) arguing Plaintiff failed to exhaust his administrative remedies with respect to all claims save those arising from an encounter on March 27, 2015. Plaintiff has responded (Doc. No. 41) and this issue is ready to be decided.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

1

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 39-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id.* at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal

grievance procedure which entitles him to a response, first from medical staff at the unit level, and then, if desired, from the Arkansas Department of Correction ("ADC") Deputy Director for Health and Correctional Programs. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendant Stieve has provided the affidavit of Shelly Byers, Medical Grievance Coordinator for the ADC. (Doc. No. 39-2.) She states Plaintiff filed thirteen grievances between March 20, 2015,[1] and November 17, 2015.[2] Of these grievances, Ms. Byers states only one - number MX-15-00906 - is both procedurally complete and relevant to the allegations which underpin this suit. (*Id*. at 1- 2.) MX-15-00906 refers to a March 27, 2015, encounter between Plaintiff and Stieve. (Doc. No. 39-3 at 1-4.) Plaintiff alleges that, during this encounter, Stieve declined to provide him with adequate medical care and threatened to rescind his medication prescriptions if he complained. (*Id*.) Stieve argues only these claims were properly exhausted before this action was filed and the scope of this lawsuit should be limited to the events of this encounter. For his part, Plaintiff argues: (1) the appeal of grievance EAM15- 03009 went missing and should be deemed exhausted; (2) he filed this suit without waiting to exhaust several other unspecified grievances because he was afraid unnamed staff would block his access to the courts; and (3) grievance EAM 15-03570 should be considered timely because it was fully exhausted before Plaintiff filed his Amended Complaint on February 11, 2016. (Doc. No. 41 at 2-3.)

After review of the record, I find this action should proceed based solely on the content of grievances MX-15-00906, which the parties agree was properly exhausted. The remaining

---

[1] Defendants argue that Plaintiff's only examination by Defendant Stieve occurred on March 27, 2015. (Doc. No. 40 at 6.)

[2] This lawsuit was filed on November 16, 2015. (Doc. No. 2.)

grievances which Plaintiff contends are relevant are EAM15-03570 and EAM15-3009,[3] and neither was exhausted at the time this suit was filed. EAM15-03570 was fully exhausted on December 22, 2015 - after this suit was initially filed on November 16, 2015. (Doc. No. 43-1 at 26.) Plaintiff's contention that it should be considered because it was exhausted prior to the filing of his Amended Complaint is not supported by this circuit's precedent. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

Whether EAM15-3009 should be considered exhausted is a more difficult question. The exhibits attached to Plaintiff's Response indicate EAM15-3009 was submitted on September 10, 2015. (Doc. No. 41 at 37.) Plaintiff argues he attempted to appeal this grievance but prison officials misplaced his appeal. This contention finds support in two inmate request forms wherein Plaintiff asks about the status of EAM15-3009's appeal in October and November 2015. (*Id*. at 35-36.) Staff's responses to these requests shed no light as to how the appeal went missing, however. It is true that inmates are only required to exhaust those administrative remedies which are available. *See, e.g., Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Courts have excused exhaustion where prison officials fail to comply with those procedures themselves or prevent inmates from using the grievance procedure or fail to comply with those procedures themselves. *Id*. Here, however, there is no indication that the actions of prison staff actually precluded the exhaustion of EAM15-3009. As Defendant Stieve correctly argues in his Reply (Doc. No. 43 at 9), Plaintiff could have submitted either his pink or yellow carbon copy[4] of EAM15-3009 once he realized his original

---

[3]In his Response, Plaintiff argues three grievances are relevant to this action and proceeds to list MX-15-00906, EAM15-03570, and EAM15-3009. (Doc. No. 41 at 3.)

[4]Plaintiff has attached a copy of both grievance EAM15-3009 and the unit level response thereto. (Doc. No. 41 at 37-38.) Accordingly, Plaintiff had access to copies which he could have used to re-attempt his appeal once he realized the original documents had been lost in the mail.

appeal had been lost. Plaintiff had previously submitted a yellow copy of another grievance - EAM15-03539 - and received a response to his appeal. (Doc. No. 43-1 at 22-25.) ADC policy makes explicit provision for the use of pink and yellow copies where a designated problem-solver fails to contact an inmate within the appropriate time. (Doc. No. 39-1 at 7-8.) While this procedure refers to an earlier stage of the grievance process, there is no reason Plaintiff could not have attempted to pursue final exhaustion of EAM15-3009 in the same way.[5] In reaching this conclusion, I note one of the primary purposes of any prison grievance system is to afford staff an opportunity to address an inmate's complaints and ideally resolve them before litigation becomes necessary. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that one of the purposes of the PLRA is to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). Here, although Plaintiff's initial appeal was lost in the prison mail system, he still had an opportunity to attempt exhaustion and potentially obviate the need for at least one of his claims in this suit. I therefore decline to find that administrative exhaustion of EAM15-3009 should be excused by reason of unavailability.

Plaintiff references several other grievances in his response, namely EAM15-03179, EAM15-03384, and EAM15-03539. (Doc. No. 41 at 4.) None of these grievances were fully exhausted at the time this suit was filed, however. EAM15-03179 was exhausted on January 5, 2016 (Doc. No. 43-1 at 11); EAM15-00384 was exhausted on January 19, 2016 (*Id*. at 16); and EAM15-03539 was exhausted on January 19, 2016 (*Id*. at 21). None were exhausted before this suit was filed and Plaintiff's vague claim that he feared prison staff would curtail his access to the courts before exhaustion was complete (Doc. No. 41 at 3) finds no support in the record.

---

[5]If prison officials had rejected these copies as procedurally deficient then Plaintiff would have a strong argument that administrative remedies were, in fact, unavailable with respect to this grievance.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant Stieve's Motion for Summary Judgment (Doc. No. 38) is GRANTED.

2. All claims save those relating to the March 27, 2015, medical examination referenced in grievance MX-15-00906 are DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED this 30th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE