IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DON/McC COOK/SOLO, ADC # 135485 | * * * | |
| Plaintiff, | * * | |
| v. | * * | No. 5:15-cv-00366-JJV |
| JEFFREY STIEVE, Medical Director, Correct Care Solutions | * * * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Don/McC Cook/Solo ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendant Jeffrey Stieve violated his constitutional rights by denying him adequate medical care during his incarceration in the Arkansas Department of Correction ("ADC") Maximum Security Unit. (*Id.* at 1-2.) Now, Defendant has moved to dismiss this action arguing Plaintiff has failed to state a claim upon which relief may be granted. (Doc. No. 52.) Plaintiff responded (Doc. No. 55) and the Motion is ripe for disposition. After careful review of the Motion and Response, for the following reasons I find summary judgment is appropriate and this matter should be DISMISSED.

**II.   FACTS[1]**

Plaintiff has been imprisoned since 2006 and says he has nerve damage and suffers from seizures and epilepsy. (Doc. No. 33 at 3.) He suffered a head injury in 2013 resulting in a "3 month

---

[1] I previously determined Plaintiff only exhausted one grievance (MX-15-0906) relating to events alleged and narrowed Plaintiff's cause of action to solely these allegations against Dr. Stieve. That grievance and the appeals therefrom are found at Doc. No. 39-3, pp. 1-4.

1

stay in a[n] observation medical ward." (*Id.*)  On March 27, 2015, because of his medical concerns including pain, numbness, and weakness, Plaintiff was given an appointment to see Dr. Stieve. (Doc. No. 33 at 4.)  Mr. Solo says, "Defendant Stieve addressed Plaintiff's condition wrongly," and the doctor said, "I'm not a lawyer I'm a doctor." (*Id.*)  Dr. Stieve's "tone of voice and attitude alerted the Plaintiff, alarming him of the Director's motive for his visit with Plaintiff, before any examination was conducted Defendant Stieve 'verbalized a diagnosis' saying 'from where I sit it doesn't appear to be any thing wrong with you.'" (*Id.*)  Plaintiff says Dr. Stieve refused to address his concerns and that he was unwilling to prescribe dilantin because it was "too expensive."  (*Id.*) Plaintiff says he needs dilantin because it keeps his seizures under control.  (*Id.*)  Plaintiff also alleges Dr. Stieve refused to prescribe him gabapentin and that he never really conducted an examination.  (Doc. No. 33 at 5-6.)  He says Dr. Stieve threatened retaliation should Plaintiff continue to complain and file grievances.  (*Id.* at 6.)  On March 27, 2015, Plaintiff filed a grievance alleging these events.  (*Id.*)

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

Defendant argues, "The crux of Plaintiff's claim is that Dr. Stieve was allegedly unprofessional at the March 27, 2015, encounter." (Doc. No. 54 at 1.) He further says, "This case is not about Plaintiff receiving a certain medication." (Doc. No. 53 at 2.) After careful review of Plaintiff's Amended Complaint, I disagree with Defendant Stieve on this point. Plaintiff has made allegations of deliberate indifference to his serious medical needs regarding his medications and retaliation for exercising his right to file grievances. (Doc. No. 33 at 3-6.) So these allegations are the focus of my inquiry. And I find that Defendant Stieve has mounted a sufficient defense to these allegations in his Motion for Summary Judgment.

### A.   Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the sort of unnecessary and wanton infliction of pain which the Eighth Amendment proscribes. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access

to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Defendant Stieve has provided the affidavit of Robert Floss, M.D. (Doc. No. 53-3.) Dr. Floss is the Associate Regional Medical Director of Correct Care Solutions, LLC. (*Id.* at 1.) Dr. Floss reviewed Plaintiff's medical records and concludes Dr. Stieve's care was appropriate. Dr. Floss states:

> From that clinical examination, Dr. Stieve noted that Mr. Solo had multiple complaints from an assault many years ago; loss of taste; funny feelings in his head; right foot and leg numbness; and occasional headaches. Objectively, Dr. Stieve noted that his physical examination was limited to Solo's right leg. Dr. Stieve noted that Mr. Solo reported diffuse loss of sensation over the entire foot over approximately the area of a crew sock. Dr. Stieve noted that the bilateral feet appear normal; and that Mr. Solo responds with withdrawal of foot to simple poke with a fingernail to the medial, lateral and plantar surface of the foot. Dr. Stieve noted he believed that Solo's sensation was intact. Dr. Stieve's assessment was that the objective finding of sensation in the lower extremity was not consistent with Solo's complaint of numbness related to the assault. Dr. Stieve noted that he felt the prescription for neurontin was too much and suggested to titrate neurontin and eventually stop that medication and begin a prescription for an NSAID instead. Dr. Stieve noted that Mr. Solo declined that plan of care. Dr. Stieve noted that he warned Mr. Solo that neurontin can cause foggy thinking due to the effect of obtundation. Dr. Stieve notes that Mr. Solo requested liquid dilantin since he allegedly could not absorb pills. Dr. Stieve asked Mr. Solo if he was taking the pills and encouraged him to be compliant with all his medications as the risk of seizures can be serious. Dr. Stieve noted that Mr. Solo had seizure precautions and bottom tier and bottom bunk prescriptions.

(Doc. No. 53-3 at 1-2.)

Dr. Floss concludes his affidavit by stating, "Accordingly, it is my opinion that Dr. Stieve provided Mr. Solo with appropriate medical care on March 27, 2015. My conclusions are stated to a reasonable degree of medical certainty. My conclusions are consistent with sound medical practices and my own professional judgment." (*Id.* at 2-3.)

Based on Dr. Floss's affidavit, I conclude Plaintiff's allegations amount to nothing more than a disagreement with Defendant Stieve's treatment decisions.[2] Dr. Floss's statements and the treatment notes he recites reveal a sufficient basis to discontinue Plaintiff's medication. And I find denial of the liquid form of dilantin in lieu of pill form fails to amount to constitutional deliberate indifference.

Beyond the unsupported allegations in his Amended Complaint and his Response, Plaintiff has not provided any contradictory support or evidence to support his claims. Plaintiff's unsupported statements are insufficient at the summary judgment stage. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).

Even giving Plaintiff all benefit of the doubt and looking past the affidavit of Dr. Floss, I still must conclude that Mr. Solo has not established any violation of his constitutional rights. The record clearly reveals Mr. Solo and Dr. Stieve had an unpleasant interaction. And as a practical matter, not receiving the medical care you desire is frustrating. But these facts are far from supporting a claim of constitutional deliberate indifference. Although Plaintiff disagrees, *see* Doc. No. 55, according to Plaintiff's deposition and the treatment notes, *at best*, Plaintiff *might* be able to show a claim of negligence. (Doc. Nos. 53-1, 53-2.) As previously stated, an allegation of negligence in treating a medical condition does not constitute a claim of deliberate indifference.

---

[2]Plaintiff was asked, "So it appears to me that you and Dr. Stieve had a disagreement that day. And you felt that he dealt with you in a disrespectful way; is that true?" (Doc. No. 53-2 at 33.) Mr. Solo responded, "Yes." (*Id.*)

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). *See also Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Additionally, Plaintiff has failed to establish an injury from any of these alleged events.[3] A § 1983 action is a type of tort claim. Accordingly, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253–55 (1978). And Plaintiff's claims require a compensable injury to be greater than *de minimis*. *Cummings v. Malone*, 995 F.2d 817, 822–23 (8th Cir.1993); *see Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir.1996). Here, Plaintiff's Complaint establishes that, at most, he suffered a *de minimis* injury as a result of his low dilantin levels. So his claims for money damages must be dismissed.

**B.     Retaliation**

Defendant Stieve has not directly addressed this claim in his Motion, but I still find sufficient basis to dismiss this claim. Plaintiff correctly notes that threats are not actionable. (Doc. No. 54 at 6.) But retaliatory conduct in response to the exercise of a constitutionally protected right is actionable, even if that conduct would have been otherwise proper. *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir.1990). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id*. *See also Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir.1994) ("when retaliatory conduct is

---

[3] I do note Plaintiff testified he had low dilantin levels. (Doc. 53-2 at 24.)

involved, there is no independent injury requirement"). But "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2nd Cir. 1996). So "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001) (not every response to a prisoner's exercise of a constitutional right is actionable). *See also Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support a retaliation claim).

To prevail on his retaliation claim, Plaintiff must show: (1) he engaged in protected activity; (2) Defendant responded with adverse action; and (3) his protected activity was the cause of the retaliation. *See Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir.1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).

The United States Court of Appeals for the Eighth Circuit has held that an inmate claiming retaliation is faced with the substantial burden of proving that the actual motivating factor for the adverse action was as alleged. *Sisneros v. Nix,* 95 F.3d 749, 752 (8th Cir. 1996). Moreover, this Circuit has also held that allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 9 F.3d 1127, 1129 (8th Cir. 1996). Nothing in Plaintiff's Amended Complaint or anything in this records serves to push his allegations of retaliation beyond the speculatory. The bare claim of retaliation, unsupported by any evidence whatsoever, fails.

## V. CONCLUSION

Based on the record, for the foregoing reasons, I conclude Plaintiff has failed to state a viable claim for constitutional deliberate indifference or retaliation against Defendant Stieve. His claims, therefore, are DISMISSED with prejudice.

IT IS, THEREFORE, ORDERED THAT:

1. Defendant Stieve's Motion for Summary Judgment (Doc. No. 52) is GRANTED.

2. Plaintiff's claims against Defendant Stieve are DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE